FILED
CLERK, U.S. DISTRICT COURT

NOV 19 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT

Linda L. Streeter, Esq. (SBN 105950)
Email: lstreeter@hinshawlaw.com
Amy K. Jensen, Esq. (SBN 226589)
Email: ajensen@hinshawlaw.com
Gary E. Devlin, Esq. (SBN 210517)
Email: gdevlin@hinshawlaw.com
Renee C. Ohlendorf, Esq. (SBN 263939)
Email: rchoy@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone:   (310) 909-8000
Facsimile:    (310) 909-8001

Attorneys for Defendant,
GC SERVICES, LP

**All future discovery filings shall include the following language on the cover page:
"[Referred to Magistrate Judge Suzanne H. Segal]"**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAUL CIRCENIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GC SERVICES, LP,<br><br>　　　　Defendant. | Case No. 2:09-cv-04252 GHK (SSx)<br><br>(Assigned to the Hon. George H. King. Courtroom "650")<br><br>[~~PROPOSED~~] AGREED PROTECTIVE ORDER |

　　　Plaintiff, Paul Circenis, and Defendant, GC SERVICES LIMITED PARTNERSHIP, ("the Parties"), having agreed to the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

　　　1.　　When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, and copies thereof (whether identical or unidentical) including, but not limited to, interrogatory answers,

1

[~~PROPOSED~~] AGREED PROTECTIVE ORDER

31153824v1 902666 46121

production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

  2. The documents that are protected under this order that shall be designated as confidential are as follows:

    a. Plaintiffs Account Detail Listing; Collection Excellence Level 1: Collection Policies & Procedures; Collection Excellence Level 2: Negotiating Account Resolution; Adhering to Federal and State Laws, Facilitator's Guide; 3rd Party Making Excellent Collection Calls; and Talk Off One.

    b. ~~In~~ addition, a producing party may, as ~~provided~~ herein and subject to the terms ~~and~~ conditions ~~herein~~, designate as confidential any documents (and ~~information~~ contained therein) that it produces by marking ~~such~~ documents ~~with~~ the legend "CONFIDENTIAL" when copies are produced to the receiving party. Alternatively, ~~a party may~~ designate ~~as confidential any document~~ or category of documents by providing notice to all parties ~~in this action~~. Any prior production, or any preliminary production of documents for inspection and designation for copying by the receiving party shall not constitute a waiver of confidentiality, however, even if those documents have not been marked CONFIDENTIAL or designated as confidential in writing. If documents were produced prior to this order either for inspection and designation or for some other purpose have not been marked CONFIDENTIAL before inspection, only counsel of record and other people described in paragraphs 7(a) and 7(c) may inspect those documents.

2

[PROPOSED] AGREED PROTECTIVE ORDER

31153824v1 902666 46121

[Handwritten marginalia: "OVERBROAD"; "See Rivera v Nibco, 364 F.3d 1057, 1063 n.3 (9th Cir. 2004)"]

3. ~~Any confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2, including but not limited to data contained in any electronic form, shall be designated CONFIDENTIAL by informing the receiving party in writing that all of the information is confidential.~~ If any party produces CONFIDENTIAL material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its CONFIDENTIAL nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversations or manipulation of data for whatever purpose including but not limited to conversation or manipulation for processing by any other computer hardware or software.

4. Any part of deposition testimony in this case may be designated CONFIDENTIAL by advising the reporter and all parties of such fact, or by notifying the reporter and all parties in writing within thirty days of the receipt of the transcript by the deponent or deponent's counsel. All deposition testimony in this action is presumptively CONFIDENTIAL until thirty days after the deposition. Deposition testimony marked CONFIDENTIAL shall be given to no one other than people described in paragraph 7, the reporter, the deponent, and the deponent's counsel present. Any CONFIDENTIAL testimony must be marked, treated, used and/or disclosed only as provided in this Order.

5. Neither the designation by a party of any document, information or deposition testimony as CONFIDENTIAL hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential. A party may object to the designation of any document or information as CONFIDENTIAL, by stating the grounds for the objection. The parties shall try to resolve informally such disputes in good faith. If the dispute cannot be resolved, the designating party may seek relief from this Court, including an

order that the documents should be treated as CONFIDENTIAL or that specified provisions of this Order shall apply to the document or information.

6.  Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

7.  Documents designated as CONFIDENTIAL and all information contained therein shall be kept confidential, shall be used solely for the prosecution and defense of this case, and shall be disclosed only to:

    a.    Plaintiff and Defendant in this case, including officers, directors, employees, and in-house attorneys of the Parties;

    b.    Counsel of record for the parties to the case;

    c.    Attorneys, paralegals, secretaries and other personnel employed or retained by or working under the supervision of counsel of record described in subparagraph 7(b) who are assisting in this action;

    d.    Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

    e.    Any other person or entity as to whom counsel for the producer or provider of the confidential information agreed in writing, or whom the Court directs, shall have access to such information, provided that the person signs a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound

by its terms, before seeing CONFIDENTIAL documents.

  f. The Court or Court personnel under seal.

 8. CONFIDENTIAL documents may be disclosed to persons described in subparagraph 7(d) of this Order ("a 7(d) person") only for evaluation, testing, testimony, preparation for trial or other services related to this litigation. A 7(d) person must sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents. Counsel of record for the party on whose behalf the outside consultant, technical advisor or expert witness has been employed or retained shall maintain the original Exhibit A.

 9. CONFIDENTIAL material subject to this Order shall not be used for any purpose other than the preparation and trial of this action according to the provisions of this Order.

 10. Nothing contained in this Order shall preclude GC SERVICES LIMITED PARTNERSHIP from using its own CONFIDENTIAL material in any manner it sees fit, or from revealing such CONFIDENTIAL material to whomever it chooses, without prior consent of any other party or of this Court.

 11. The Parties cannot use, file or disclose any CONFIDENTIAL material in any pretrial court proceeding that is open to persons not authorized to have access to such CONFIDENTIAL material under the terms of this Order. In the event that a party wishes to use any CONFIDENTIAL material in any pretrial court proceeding, affidavit, brief, memorandum of law, or other papers filed in Court in this litigation, ~~such CONFIDENTIAL material used therein shall be filed under seal with the Court.~~ [see Local Rule 79.  *handwritten*]

 12. Upon request of the producing party and within sixty (60) days after the final disposition of all aspects of this case by settlement, judgment, or expiration of time to appeal, all documents designated CONFIDENTIAL, including any reproductions of such documents, must be destroyed or returned to the producing

party or its counsel. At the producing party's request, if the documents are destroyed, the party who has destroyed the documents must furnish an affidavit attesting to same.

ENTERED:

Date: 11/19/09    _Suzanne H. Segal_
                  Magistrate Judge

> All future discovery filings shall include the following language on the cover page:
> "[Referred to Magistrate Judge Suzanne H. Segal]"

# **EXHIBIT A**

1. I, _____, residing at _____, have read the foregoing Protective Order (the "Order") in the case captioned ***Paul Circenis v. GC SERVICES***, Case No. CV 09-04252-GHK-SS (the "action"). I agree to be bound by its terms with respect to any documents designated as "Confidential" thereunder that are furnished to me as set forth in the Order.

2. I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "Confidential" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "Confidential" except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with regard to any proceedings to enforce the terms of the Order against me.

4. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designated CONFIDENTIAL in my possession or control, including any reproductions of such documents, must be destroyed or returned to the producing party or its counsel. If I destroy the documents, I understand that I may be required to furnish an affidavit attesting to that fact.

Date: _____     Signature: _____